IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Gail Nadine Bradley,**<br>    **Plaintiff,** | )<br>)<br>) |
| v. | )   1:09cv371 (TSE/TCB) |
| **B.J. Wheeler, et al.,**<br>    **Defendants.** | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Gail Nadine Bradley, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also submitted an application to proceed in forma pauperis in this lawsuit, a Motion to Appoint Counsel, and what she has captioned as a Motion for a Temporary Injunction. By Order dated June 1, 2009, plaintiff was ordered to complete and return a consent form and an affidavit concerning exhaustion of her administrative remedies. Plaintiff also was ordered to particularize and amend her complaint. Plaintiff complied with the Order and submitted the completed consent form, affidavit, and an amended complaint. However, after reviewing plaintiff's amended complaint, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

## I.

In her original complaint, plaintiff detailed a litany of incidents that occurred during her incarceration at the Fluvanna Correctional Center for Women. Specifically, she alleged the following:

1. Plaintiff was forcibly moved from the vestibule of "Building 5" by several unnamed officers;

2. Plaintiff experienced a severe headache, and although she pushed the "panic button" to obtain medical attention, the medical department informed officers that they could not administer any medical treatment and could only observe plaintiff until they could take her to the medical unit;

3. Plaintiff was refused medication for her headache by medical personnel;

4. Officers taunted plaintiff while she was in pain from her headache;

5. Plaintiff was handcuffed for nine hours in a strip cell, and she has not yet regained feeling in her left hand;

6. Plaintiff was improperly put in segregation, although she is non-violent;

7. Mr. McGhee refused to allow plaintiff to attend a disciplinary hearing while she was in the medical unit;

8. Plaintiff was not permitted to go to commissary to get stamps or envelopes, and she also was unable to go to recreation time;

9. Officers at Fluvanna use the segregation unit as their "personal breeding grounds for whatever upset their day";

10. Ms. Kendrick and Ms. Marshall both alluded to "playing with the food," so plaintiff occasionally chose not to eat; and

11. Nurse Spencer picked up plaintiff's medication with her hands and said that if plaintiff did not take it she would state that plaintiff refused.

---

(2) seeks monetary relief from a defendant who is immune from such relief.

All of plaintiff's allegations failed to rise to the level of a constitutional violation for the purposes of stating a claim under § 1983. Moreover, plaintiff named various individuals as defendants but failed to allege facts to indicate that they took any actions that violated plaintiff's constitutional rights. However, because plaintiff is proceeding pro se, she was granted an opportunity to particularize and amend her complaint. Plaintiff was expressly informed that her amended complaint would serve as the sole complaint in this action.

In her amended complaint, plaintiff again asserts a variety of general grievances about prison life, specifically:

1. The Building 8 structure is used to house inmates confined for twenty-two hours a day due to overcrowding;

2. Buildings 1, 3, 5, and 6 have instituted a program "where you are locked in your room throughout periods during the day" without access to bathroom facilities;

3. The dietician needs to implement a totally new program as far as diet is concerned;

4. There is "virtually no recreation," because inmates receive only one hour every other day, which is "so underutilized it is a shame;"

5. Plaintiff has been unable to go to church or bible study;

6. The cells at the institution do not have air conditioning, and inmates are not allowed to open their doors;

7. Inmates are not allowed to use the computers and printers in the law library to prepare resumes or send letters to prospective employers before release;

8. Sergeant Thomas took away plaintiff's pillow, mattress, and blanket and left her on the floor throwing up;

9. Nurse Spencer refused plaintiff's medication while plaintiff was sick;

10. Plaintiff was in handcuffs for over nine hours;

11. Mr. Kromberg, Mr. McGee, and M. Jones use the ICA hearings as their "personal hell" and Jones decides "what is required" and that is "what you get," thus violating due process; and

12. Plaintiff got no response to her informal complaints or grievance forms.

Plaintiff asks for a declaratory judgment, ordering: (1) that anyone awaiting a hearing will have access to advisors; (2) "speedy trial if in P. Hd. or if waiting to go back to work;" (3) the ability to defend oneself at a hearing with a third party; (4) quality control review of an inmate's file for accuracy before sentencing; (5) a review of "procedures with sensitivity training;" (6) implementation of an exercise program; (7) permission for jailhouse lawyers to assist other inmates in the law library; (8) requiring televisions to be turned off at 11:30 p.m. and not permitting them to be turned on again until 6:00 a.m.; (9) doing wash via a sign-up sheet; (10) alternating of "police day room, common area, bottom/top tier daily;" (11) alternating of lunch meals; (12) alternating of sick call, dental, and optical; (13) "no dorm lock down for one person or 2-3 or 4 - once room restriction twice swap dorms;" (14) "sanction these frequent flyers;" (15) provide structure for inmates transitioning back into the system; and (16) postage, copies, and notary "should be included in in forma pauperis." Plaintiff also attaches a grievance form regarding the instance in which she had a headache and Nurse Spencer refused her medication.

## II.

Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d

641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and construed in plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, although the complaint "does not need detailed factual allegations," the facts alleged must be sufficient to raise plaintiff's claim above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see id. at 570 (determining that where a complaint did not allege facts sufficient to nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

Although plaintiff raises numerous issues about which she is concerned, she has not stated a claim for a violation of her constitutional rights. Specifically, Claims 1, 2, 3, 4, and 7 do no more than express plaintiff's generalized grievances about the restrictions of prison life, and therefore they must be dismissed for failure to state a claim. Similarly, although plaintiff's Claims 5, 6, 8, 10, and 11 hint at constitutional concerns, plaintiff provides no facts to support these claims. For example, in Claim 10 plaintiff alleges that she was in handcuffs for nine hours. While the use of restraints could amount to excessive force, see Williams v. Benjamin, 77 F.3d 756, 764-65 (4th Cir. 1996), plaintiff alleges no facts to satisfy the minimum pleading requirements of Twombly, despite having

5

two attempts to do so.[2] Instead, plaintiff provides suggestions to the Virginia Department of Corrections on how to run its institutions, and makes numerous demands for things which she believes could make her stay at her correctional institution more comfortable. In sum, the conclusory allegations plaintiff makes are insufficient to raise her claims above the speculative level, and those claims must be dismissed. See Twombly, 550 U.S. at 555.

In Claim 9, plaintiff alleges that Nurse Spencer refused medication to plaintiff when she was ill. Although a refusal of medication could raise an Eighth Amendment issue regarding plaintiff's right to reasonable medical care, plaintiff's own attachment squarely contradicts her claim. Plaintiff writes in her grievance that she could not raise her head off the ground, and that Nurse Spencer told her she would not get her medication unless she raised her head. However, the official response to plaintiff's grievance states that a review of plaintiff's medical records shows that plaintiff did receive her medication.

Moreover, even if plaintiff did not receive her medication, she has failed to satisfy the requirements for an Eighth Amendment claim. To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious); Murphy v. Walker, 51 F.3d 714, 720 (7th Cir. 1995) (holding that a broken

---

[2] Moreover, plaintiff is not inexperienced at filing claims with this Court. Since March 24, 2009, plaintiff has filed two civil rights complaints and two habeas corpus petitions with this Court, including the instant matter. See Bradley v. Wheeler, 1:09cv323 (TSE/JFA) (Mar. 24, 2009) (dismissed for failure to exhaust); Bradley v. Jones, 1:09cv338 (TSE/IDD) (Mar. 25, 2009); Bradley v. Wheeler, 1:09cv799 (TSE/TRJ) (July 21, 2009) (dismissed for failure to exhaust).

hand is a serious injury, and that permanent harm could result without proper evaluation and treatment). A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001).

Second, a plaintiff must show deliberate indifference to that serious medical need, which may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. Treatment by a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, plaintiff has not demonstrated that she faced a substantial risk of serious injury to her health and safety. Plaintiff states that she was ill and could not hold her head up. Such facts are insufficient to demonstrate that she had a serious medical need. Moreover, even assuming she did, Nurse Spencer's actions do not rise to the level of deliberate indifference. Plaintiff herself writes

that the Nurse told her she would give her the medication if she could lift her head up. There is nothing to suggest that Nurse Spencer intentionally denied plaintiff the medication, but that she wanted to be sure plaintiff could raise her head to take the medication properly. If plaintiff physically was unable to take the medication, then it is reasonable that Nurse Spencer did not try to give it to plaintiff. Thus, whether or not Nurse Spencer gave plaintiff the medication she sought, plaintiff has failed to state a claim for a denial of reasonable medical care, and this claim must be dismissed.

Finally, plaintiff alleges that she got no response to her informal complaints or grievance forms. The Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F. Supp. 289, 294 (E.D. Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F. Supp. at 294. Therefore, plaintiff's allegations do not state a claim under § 1983, and this claim also must be dismissed.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect plaintiff's ability

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 3) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff's Motion to Appoint Counsel (Docket # 3) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff's Motion for Temporary Injunction (Docket # 4) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 25th day of August 2009.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.